IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SURAN WIJE, | § | No. 1:25-CV-1376-DAE |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

<u>ORDER</u>

Before the Court is the Report and Recommendation ("Report") filed by United States Magistrate Judge Mark Lane on September 15, 2025. (Dkt. # 7.) Plaintiff Suran Wije ("Plaintiff" or "Wije") objected to the report on October 14, 2025 ("Objections"). (Dkt. # 11.) Wije filed supplements to his objections on October 31, 2025 and November 10, 2025. (Dkts. ## 13; 15.)

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the objected-to portions of the Report and reviewing the unobjected-to portions for clear error, the Court **ADOPTS** the Report and Recommendation. (Dkt. # 7.) Accordingly, the Court **DISMISSES** as frivolous under 28 U.S.C. § 1915(e) all of Plaintiff's claims against Defendant. The Court further **GRANTS** Plaintiff's Motion to Supplement (Dkt. # 14),

1

**DENIES** Plaintiff's Motion for Civil Format (Dkt. # 12), and **DENIES** Plaintiff's Motion for Referral to ADR/Mediation (Dkt. # 4).  **IT IS FURTHER ORDERED** that Plaintiff Suran Wije is **BARRED** from filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to any previous employment or relationship with a University without receiving written leave from a judge of this court or the Fifth Circuit.

## BACKGROUND

On August 27, 2025, Plaintiff Suran Wije filed this lawsuit *in forma pauperis* against the United States of America ("Defendant" or "the United States").  (Dkt. # 1.)  Although it is not entirely clear from his Complaint,[1] Wije's claims appear to stem from his employment with the University of Texas back in 2005, his later job applications to the University of Texas, and the Equal Employment Opportunity Commission's ("EEOC") alleged breach of its "duty or legal obligation . . . to prevent employment discrimination and retaliation" and failure "to provide the legal mandate of conciliation."  (Id. at 2, 10.)  As Judge Lane noted in his Report, "this is at least [Wije's] third pro se, *in forma pauperis* case in which he directly or indirectly challenges the end of his employment at the University of Texas over 20 years ago and its failure to rehire him since."  (Dkt.

---

[1] Wije's Complaint references several exhibits that are not attached to the Complaint or to any other filing in the docket.  (See Dkt. # 1.)

2

# 7 at 3, citing <u>Wije v. Burns</u>, 1:16-CV-1179-SS; <u>Wije v. University of Texas</u>, 1:24-CV-809-DAE; <u>see</u> Dkt. # 1 at 2.)

As catalogued by Judge Lane, Wije's original complaint asserted six claims:

> First, he asserts a claim for an "Employer Violation" of Title VII based on segregation and de facto blacklisting, apparently relating to being excluded from a meeting while he was employed at the University. Compl. at 4. Second, he asserts § 1983 claim that his supervisor at the University violated his due process and equal protection rights by excluding him from the same meeting. <u>Id.</u> at 6. Third, he asserts a Title VII "Employer Violation" claim that the University retaliated against him for filing a complaint with the EEOC. <u>Id.</u> at 7. Fourth, he asserts an "Employer Violation" claim that the University violated Title VII because its "two-tiered, secreted hiring practice constitute[s] disparate impact discrimination against minority protected classes and former employees who had previously filed EEOC.gov complaints." <u>Id.</u> at 8. Fifth, he pleads "FTCA (Sum Certain)," in which he seems to assert he is owed $80 million by comparing his "harms" to a "verdict benchmark." <u>Id.</u> at 9. Sixth, and finally, he asserts an FTCA claim of "Texas Negligence" based on "Defendant's duty or legal obligation [] to prevent employment discrimination and retaliation." <u>Id.</u> at 10-11.

(Dkt. # 7 at 5.)

Wije notes in his Objections that "the non-negligence related claims were for background information only and not intended to be part of an FTCA claim." (Dkt. # 11 at 1.) Wije thus appears to cabin his claims in this case to claims under the FTCA.

On September 15, 2025, Judge Lane issued his Order and Report, granting Wije leave to proceed *in forma pauperis*, but recommending that, pursuant

3

to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss Wije's claims without opportunity to amend.  (Dkt. # 7 at 10.)  Wije objected to the Report on October 14, 2025.  (Dkt. # 11.)[2]  In addition, that same day, Wije filed a Motion for Civil Format in which he sought "to address any potential issues mentioned in the Report and Recommendation by correcting and converting his original petition to the format shown in O'Connor's civil forms for, specifically, an FTCA claim."  (Dkt. # 12.)  He then filed a Supplement to his Complaint and to his Objections on October 31, 2025 (Dkt. # 13), followed by a "Motion for Monday Supplement" on November 4, 2025 where he sought more time to analyze and address a "mathematical anomaly in the caselaw" (Dkt. # 14), a "Final and Superseding Supplement" on November 10, 2025 (Dkt. # 15), and finally an Amended Complaint on December 1, 2025 (Dkt. # 16).  Defendant has not appeared in the case.

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C).  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider

---

[2] The certified mail receipt indicates that Wije was not served with the Report until October 1, 2025.  (Dkt. # 9.)  As such, his original objections were timely filed.  (Dkt. # 11.)

"[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific, genuine objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

I.   Review of Report and Recommendation

The Court agrees with the Magistrate Judge's recommendation that Wije's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Generally, the federal government cannot be sued unless Congress consents. Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009). The Federal Tort Claims Act ("FTCA") is as a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government under certain circumstances. 28 U.S.C. § 2674; Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016). The FTCA provides that the United States shall be liable in tort "in the same manner and to the same extent as a private individual under

like circumstances." 28 U.S.C. § 2674. It allows plaintiffs to sue the federal government "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

"The Supreme Court has 'consistently held that § 1346(b)'s reference to the "law of the place" means law of the State—the source of substantive liability under the FTCA.'" Coleman v. United States, 912 F.3d 824, 835 (5th Cir. 2019) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994)). Accordingly, "a federal agent's failure to fulfill duties imposed upon him solely by federal statute cannot stand alone as a basis for suit under the FTCA." Coleman, 912 F.3d at 835.

Moreover, the FTCA has a number of exceptions which "block the FTCA's waiver of the Government's sovereign immunity." Campos v. United States, 888 F.3d 724, 730 (5th Cir. 2018); see 28 U.S.C. § 2680. "If an exception applies, a plaintiff's FTCA claim is barred, and a federal court is without subject matter jurisdiction over the claim." Campos, 888 F.3d at 730. Of particular relevance here, the Government is immune from suit for "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a

6

discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).  The discretionary function exception "prevent[s] 'judicial second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984)).

As Judge Lane concluded, Wije's FTCA claims are not "based on any 'law of the place,'" which here, is Texas law, under which "the United States, if a private person would be liable."  Accordingly, Wije's claims under the FTCA fail. Coleman, 912 F.3d at 835.

Moreover, Wije's claims are barred by the discretionary function exception of 28 U.S.C. § 2680(a).  It is the plaintiff's burden to show Congress' "unequivocal waiver of sovereign immunity." Freeman, 556 F.3d at 334.  "At the pleading stage, [the] plaintiff[] must invoke the court's jurisdiction by alleging a claim that is facially outside of the discretionary function exception." Id. (internal quotations and citation omitted).  Here, Wije has "fail[ed] to allege any specific nondiscretionary duty imposed on the EEOC." (Dkt. # 7 at 8, quoting Wije v. United States, 1:19-CV-660-RP, Dkt. # 26 at 2.)  As such, his claims are barred. United States v. Gaubert, 499 U.S. 315, 322–23 (1991).

In his Objections and various supplements, Wije argues that his claims are not barred by the discretionary function exception because EEOC's rules and policies "require[] conciliation when faced with direct evidence." (Dkt. # 11 at 2; see Dkts. ## 13; 15.) He asserts that "[n]o discretion was involved." (Dkt. # 11 at 2.) Wije is incorrect. It is true that when an agency has "no discretion to deviate from [a] mandated procedure," the discretionary function exception does not bar the claim. Berkovitz by Berkovitz v. United States, 486 U.S. 531, 544 (1988). However, Wije does not identify such a mandated procedure. The EEOC's decision to issue a right to sue letter is discretionary. Roberts v. Laredo Indep. Sch. Dist., No. L-06-CV-79, 2007 WL 9761656, at *3 (S.D. Tex. Aug. 21, 2007) ("After the EEOC has had the first opportunity to investigate the plaintiff's claims, it has the discretion to then issue a Right to Sue letter allowing the plaintiff to bring a Title VII suit if he or she chooses."); United States v. Allegheny-Ludlum Indus., Inc., 517 F.2d 826, 868 (5th Cir. 1975) ("Congress gave the EEOC broad discretion to determine which suits it will bring[.]"); E.E.O.C. v. Hearst Corp., 103 F.3d 462, 464 (5th Cir. 1997); see 29 C.F.R. § 1691.9. Wije's objections to this finding are therefore **OVERRULED**.[3]

---

[3] Wije's argument that the discretionary function exception also does not apply because the decision at issue is not one grounded in "social, economic, and political policy" is similarly incorrect. (Dkt. # 15 at 3.) "When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed

Wije's remaining objections do not alter the Court's conclusion. Wije makes eight objections in total. (Dkt. # 11.) His first three objections relate to the Magistrate Judge's characterization of Wije's prior claims. (Id. at 1.) In addition to being irrelevant to the Court's conclusions, these objections are frivolous, and the Court therefore need not consider them. Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). Wije's fourth, sixth, and seventh objections take issue with facts or statements of the law found within the Magistrate Judge's quotations of prior courts' decisions. (Dkt. # 11 at 1, 2.) These objections are likewise frivolous, and the Court will not consider them. Battle, 834 F.2d at 421. To the extent that Wije argues that the prior courts incorrectly stated the law, this Court does not agree. In his fifth objection, Wije clarifies the claims he intended to assert. (Dkt. # 11 at 1.) The Court noted this clarification above. Wije's eighth objection takes issue with Judge Lane's finding that his claims were barred by the discretionary function exception. (Id. at 2.) The Court addressed this objection above. Wije's two supplements offer substantively similar objections to

---

that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324. Here, established governmental policy allows the EEOC to exercise its discretion in investigating claims and issuing right to sue letters. These decisions are thus exactly the ones that the "discretionary function exception was designed to shield," and the second prong of the exception is satisfied. Id. at 322.

those already addressed and do not otherwise alter the Court's analysis.[4] (See Dkts. ## 13; 15.) Accordingly, the Court **OVERRULES** Wije's remaining objections.

As to the unobjected-to portions of Judge Lane's Report, the Court has reviewed them for clear error and finds none. For the reasons stated previously and for the reasons provided in Judge Lane's Report, Wije's claims are legally frivolous and fail to state a claim upon which relief can be granted.[5] 28 U.S.C. § 1915(e)(2)(B).

On December 1, 2025, Wije filed an Amended Complaint. (Dkt. # 17.) The Amended Complaint contains the same claims as Wije's original complaint (Dkt. # 1) with the addition of three sections. (Dkt. # 17 at 11–14.) The first two additional sections, titled "FTCA (Analogous Private Liability)" and "FTCA (Discretionary Function Exception)" do not state claims but merely recite arguments that are identical to those made in Wije's supplements. (Id.) The third

---

[4] The Court **GRANTS** Wije's Motion to Supplement filed on November 4, 2025 (Dkt. # 14), and therefore considers Wije's subsequently filed supplement, even though it was not timely.

[5] To the extent Wije is in fact asserting claims under Title VII and § 1983, although his objections indicate otherwise, those claims are barred by his previous dismissals with prejudice in 1:16-CV-1179-SS and 1:24-CV-809-DAE, as explained by Judge Lane in his Report. (Dkt. # 7 at 5.) Moreover, as explained by Judge Lane, Wije's fifth claim in the original complaint does not state a cause of action but rather a purported damages model. (Id.) These claims, then, to the extent Wije asserts them, are frivolous.

section, titled "FTCA (Damages)" again does not state a cause of action but instead provides details on Wije's asserted damages and harms. (Id.) Wije's Amended Complaint suffers from the same fatalities as his original complaint, and therefore also fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court **DISMISSES** Wije's claims with prejudice.[6]

II.     Pre-Filing Injunction

In his Report, Judge Lane also recommended that the Court impose a pre-filing injunction enjoining Wije from filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to any previous employment or relationship with a University without receiving written leave from a judge of this court or the Fifth Circuit. (Dkt. # 7 at 9–10.)

The court may impose a pre-filing injunction "to deter vexatious, abusive, and harassing litigation." Nix v. Major League Baseball, 62 F.4th 920, 936 (5th Cir. 2023). In determining whether to impose such an injunction, the court must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the

---

[6] Because the Court dismisses Wije's claims, the Court will **DENY** the other pending motions in the case, Wije's Motion for Referral to ADR/Mediation (Dkt. # 4), and Wije's Motion for Civil Form Format (Dkt. # 12).

11

burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.  Baum v. Blue Moon Ventures, 513 F.3d 181, 189 (5th Cir. 2008).  A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."  Id. at 190.

As Judge Lane carefully detailed in his Report, this is at least Wije's third frivolous lawsuit concerning his employment with the University of Texas.  (Dkt. # 7 at 3, 9.)  Wije has previously been warned by the Fifth Circuit "that the filing of additional repetitive or frivolous actions or appeals will result in sanctions, including monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction."  1:19-CV-660-RP, Dkt. # 26 at 2.  Despite this warning, Wije came back to the Court pursuing an indistinguishable frivolous legal theory.  The Court thus agrees with Judge Lane that all four factors favor a pre-filing injunction in this case and adopts his reasoning as its own.  (Dkt. # 7 at 9–10.)

## CONCLUSION

For the reasons stated above, the Court **ADOPTS** Judge Lane's Report, **OVERRULES** Plaintiff's objections, and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

The Court further **ORDERS** that Plaintiff Suran Wije is **BARRED** from filing any future actions pro se and *in forma pauperis* in the Western District

of Texas relating to any previous employment or relationship with a University without receiving written leave from a judge of this court or the Fifth Circuit.

The Clerk of the Court is **DIRECTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, December 18, 2025.

_____
David Alan Ezra
Senior United States District Judge